IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN BLUFF DIVISION


LARRY W. CHASTAIN                                                                PLAINTIFF


v.                                          No. 4:06CV00756 GH


ARKANSAS BEST CORPORATION; ABF FREIGHT
SYSTEMS, INC.; and STANDARD INSURANCE COMPANY           DEFENDANTS


## ORDER

On June 26th, plaintiff filed suit pursuant to ERISA alleging that he was previously awarded

benefits under defendants' long-term disability plan as a result of litigation in Chastain v. Standard

Insurance Co, Inc., 5:03CV00292 GH, ("Chastain I"), but Standard has taken the position that it is

not the insurer and has no liability for short term disability benefits.[1]  He contends that, pursuant to

contract, he was insured against short term disability by defendants as the insurance plan was

purchased by plaintiff and/or through his employer ABF Freight System, Inc. ("ABF").  Plaintiff

continues that it was found conclusively in Chastain I that on or about November 5, 2001 he suffered

numerous illnesses which rendered him completely and totally disabled from holding gainful

employment and so he is entitled to recover disability benefits for a period of six months under the

short term disability plan where he has exhausted all administrative remedies.

Arkansas Best Corporation ("ABC") and ABF filed a motion to dismiss on July 18th that

plaintiff had previously filed a nearly identical lawsuit Chastain I where he alleged that he was

_____

[1]This current case was assigned to Judge Wright by random drawing.

improperly denied short-term and long-term disability benefits; that ABC and ABF were dismissed with prejudice on September 15, 2003 pursuant to plaintiff's motion to dismiss; that judgment was entered against Standard awarding plaintiff only long-term benefits in <u>Chastain I</u>; and plaintiff has re-filed this lawsuit in an attempt to recover short-term disability benefits. These defendants state that ABC has a policy that provides salary and medical continuation benefits during periods of medical leave of absence for exempt employees referred to as the "STD Policy," but that plaintiff was not eligible for salary continuation benefits under the STD Policy after November 6, 2001 when the facility closed because he was no longer a current employee.

ABC and ABF contend that the claims should be dismissed as *res judicata*, due to the dismissal of them as defendants with prejudice in the prior lawsuit, precludes this second lawsuit alleging the same claims and plaintiff was not eligible for salary continuation benefits under the STD Policy as that policy no longer applied to him when the facility where he worked closed on November 6, 2001 and his employment ended.

On August 11th, plaintiff filed a response arguing that the doctrine of equitable estoppel should bar the defendants from raising the affirmative defense of *res judicata* as ABC and ABF knew the facts relating to the insured or self-insured status of its short-term disability plan, the statements were made for the purpose of obtaining an order dismissing ABC and ABF as parties and ABC and ABF's insurer filed an answer admitting that it was the insurer of both plans, and his reliance of the misrepresentations have injured him thus far by depriving him of the benefits he is entitled to receive under the prior judgment and under the ABC STD Policy. He continues that his complaint asserts that he had become disabled prior to being terminated and that was a finding of fact made by the undersigned that he was entitled to benefits prior to being terminated. Finally,

plaintiff contends that his complaint is not limited to ERISA as he is asserting his contractual rights to benefits which were promised to him by his employer and payment of an employee's normal compensation out of the employer's general assets when the employee is off work due to illness is exempt from ERISA.

That same date, he filed a motion for leave to file an amended complaint adding the ABC Board of Directors and the Human Resource Director who may have liability for payment of the STD Policy benefits or for breach of fiduciary duties owed to plaintiff by virtue of the Plan's administration and ERISA.

On August 18th, ABC and ABF filed a reply that the plaintiff filed this action under ERISA so that is his exclusive remedy and, if not, then there is a lack of subject matter jurisdiction. Regarding the equitable estoppel argument, these defendants counter that plaintiff has absolutely no evidence that he was ignorant of the facts as the attachment to the reply clearly show that plaintiff applied for and received salary continuation benefits under the STD Policy in 2000 so he knew the STD Policy existed, there is no evidence of misrepresentation, Standard's initial answer was its error, these defendants were dismissed on plaintiff's own motion, Standard amended its answer specifically denying that it was the insurer of claims administrator for any STD plan thereby putting plaintiff and his counsel on notice, plaintiff never sought to bring these defendants back into Chastain I and so waived his right to challenge the previous dismissal with prejudice. They continue that as they were not longer parties in Chastain I when the issue of long-term benefits was decided, that decision cannot be used to establish liability for salary continuation benefits. These defendants further argue that plaintiff was not eligible for any benefits under the STD Policy as it has different eligibility requirements as the long-term plan and plaintiff did not satisfy them.

ABC and ABF, on August 25th, filed a response to the motion to amend that if ERISA does not apply, then the Court should dismiss the complaint for lack of subject matter jurisdiction and, if ERISA applies, then the motion to amend does not cure the complaint's deficiencies, the ABC Board of Directors is not a legal entity that can sue or be sued, Richard Spearman is not a member of the Board, and plaintiff has failed to identify the specific ERISA claims which will determine the proper defendants in any ERISA action as there is no good faith basis to assert that Board members are ERISA fiduciaries of the STD Policy or that any member exercised any ERISA fiduciary discretion with regard to plaintiff under the STD Policy.

Judge Wright, by order filed on September 5th, denied plaintiff's September 1st motion to consolidate this case with Chastain I. On September 20th, plaintiff filed a notice of related case to which ABC and ABF objected. By order filed on November 1st, this case was transferred, after consultation, to the undersigned as a related case to Chastain I.

The case of Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999), provides the following standard for *res judicata*:

> Res judicata operates when (i) the court that previously adjudicated the claim had jurisdiction to do so, (ii) the previous litigation resulted in a final judgment on the merits, and (iii) the previous suit involved the same cause of action between the same parties, or was based on the same nucleus of operative facts. See Lunde v. Helms, 29 F.3d 367, 371 (8th Cir. 1994), cert. denied, 513 U.S. 1155, 115 S.Ct. 1111, 130 L.Ed.2d 1076 (1995). When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a "final judgment on the merits" for purposes of res judicata. See Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2nd Cir. 1995) (voluntary dismissal with prejudice); Brooks v. Barbour Energy Corp., 804 F.2d 1144, 1146 (10th Cir. 1986); Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (10th Cir.), cert. denied, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992); cf. In re Piper Aircraft Distribution Sys. Antitrust Litig., 551 F.2d 213, 219 (8th Cir. 1977) ( res judicata and collateral estoppel generally inapplicable to voluntary dismissal without prejudice).

When the above factors are applied to the facts of this case, it is apparent that *res judicata* is applicable to the allegations made against ABC and ABF in the complaint and proposed amended complaint here whether if be under ERISA or breach of contract.[2]  In both cases, he was/is seeking from ABC and ABF short term disability benefits/payments beginning November 5, 2001, as a consequence of numerous illness which rendered him completely and totally disabled.  In Chastain I, ABC and ABF were dismissed with prejudice upon motion of plaintiff.  Thus, in Chastain I, this Court had jurisdiction to adjudicate the claim of short term benefits which constituted a final judgment on the merits as to ABC and ABF based on the same nucleus of operative facts presented in the current case.

The Court has considered plaintiff's argument as to whether equitable estoppel should bar ABC and ABF from raising *res judicata* and is persuaded that the filing of Standard's amended answer in Chastain I on September 12, 2003 provided notice that Standard was expressly denying any responsibility for any short term disability plan with possible coverage for plaintiff.  So even if there were any misrepresentations through the initial answer filed by Standard and other sources prior to the dismissal of ABC and ABF, Standard's amended answer filed just nineteen days after that dismissal provided specific notice that Standard was denying any responsibility for short term disability benefits coverage.  Even after the Court entered judgment awarding plaintiff long term disability benefits against Standard on March 29, 2005, plaintiff waited over a year before filing this separate action and over sixteen months seeking relief in Chastain I.  Under these circumstances, equitable estoppel is not warranted to bar the effect of *res judicata*.  The Court further finds that the

---

[2]These defendants have correctly noted that this Court does not have subject matter jurisdiction over any breach of contract claim as plaintiff himself has alleged that he is an Arkansas resident and they are Arkansas corporations so there is not diversity of citizenship.

proposed amended complaint which seeks to add the ABC Board of Directors and the Human Resource Director would not change the application of *res judicata*.

The record does not reflect proof of service, under Civil Procedure Rule 4(l), on Standard, the only remaining defendant. As more than 120 days have elapsed, plaintiff is directed, pursuant to Civil Procedure Rule 4(m), to effect service on Standard and file proof thereof by March 30, 2007. The failure to comply with this directive will result in dismissal of this case without prejudice.

Accordingly, plaintiff's August 11th motion (#10) for leave to file amended complaint is denied and the July 18th motion (#3) of ABC and ABF to dismiss is granted. The September 20th notice of related case (#16) was granted by the November 1st order of transfer. Plaintiff is directed to effect service on Standard and file proof thereof by March 30, 2007, or the case will be dismissed without prejudice.

IT IS SO ORDERED this 20th day of March, 2007.

UNITED STATES DISTRICT JUDGE